UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **CLOMAN SMITH, Individually and as class action representative on behalf of all other Plaintiffs similarly situated,** | CIVIL ACTION NO. 5:20-332-KKC |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **AETNA INSURANCE** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion to dismiss (DE 10) filed by defendant Aetna Life Insurance Company.[1] (DE 10). For the following reasons, the motion will be granted.

Plaintiff Cloman Smith receives disability benefits under a disability insurance plan that is administered by Aetna. He asserts that Aetna is wrongfully deducting from his long-term disability payments the amount of the Social Security retirement benefits he receives. He appears to assert a claim for wrongful denial of disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c).

The policy provides that the monthly benefits payable under the plan "will be the lesser of [] the Scheduled Monthly LTD Benefit; and the Maximum Monthly Benefit; *minus all*

---

[1] The plaintiff named "Aetna Insurance" as the defendant in this action. In its motion to dismiss, the defendant asserts that "Aetna Life Insurance Company" is the correct name for the defendant. Plaintiff does not dispute that assertion.

*other income benefits*, but not less than the Minimum Monthly Benefit." (DE 11-1, Plan at 4) (emphasis added).

The plan defines "Other Income Benefits" to include "[d]isability, retirement, or unemployment benefits required or provided for under any law of a government," including "[b]enefits under the Federal Social Security Act." (DE 11-1, Plan at 7.) Thus, looking just to these provisions, Aetna must deduct from Smith's long-term disability benefits the Social Security retirement benefits he receives.

Smith's claim is based on an exception to this rule set forth in the plan. That exception provides that the Social Security retirement benefits that the insured received "*before the date you become disabled* under this LTD plan will not reduce your monthly benefits." (DE 11-1, Plan at 9) (emphasis added).

Thus, the sole issue on this motion is whether Smith began receiving Social Security retirement benefits before or after the date he became disabled under the plan. If Smith began receiving Social Security benefits *before* the date he became disabled under the plan, then Aetna should not deduct the Social Security benefits from his disability benefit payments. If, on the other hand, Smith began receiving the Social Security benefits *after* the date he became disabled under the plan, then Aetna must deduct the Social Security benefits from his disability benefit payments.

Smith asserts that he became disabled in August 2015 and began receiving short-term disability insurance benefits at that time. (DE 1, Complaint, ¶ 20.) He asserts that he began receiving Social Security retirement benefits about three months later, in December 2015. (DE 1, Complaint, ¶ 21.) Thus, Smith began receiving Social Security retirement benefits *after* the date he became disabled under the plan. Accordingly, under the plan's

2

plain language, Aetna must deduct the retirements benefits from Smith's disability payments.

Smith argues that he should be deemed to have become disabled on February 9, 2016 because that was the date he became eligible to receive monthly long-term disability benefits. (DE 14, Response at 6.) The date that matters in determining whether Social Security benefits must be deducted from the long-term disability benefits, however, is the date the insured becomes disabled; not the date he becomes eligible to receive long-term disability benefits. The two dates are not the same.

An insured must be disabled as defined by the plan for a certain "Elimination Period" before he is deemed eligible to receive long-term disability benefits. (DE 11-1, Plan at 4, 5; 11-4, Summary Plan at CM-ECF p. 6.) The period of disability begins "on the first day you are disabled as a direct result of a significant change in your physical or mental condition occurring while you are insured under this Plan." (DE 11-1, Plan at 5.) In Smith's case, this date would be in August 2015. That is the date he ceased working and began receiving short-term disability benefits.

As to the date that Smith became eligible to receive long-term disability benefits, that date did not occur until after the "Elimination Period" had passed. (DE 11-1, Plan at 4, 5; DE 11-4, Summary Plan at EM-ECF p. 6.) The Elimination Period is the "later of 26 weeks or the end of your short term disability benefits." (DE 11-4, Summary Plan at 8.) Thus, by the plan's plain language, the date that a person becomes disabled under the plan is before the date that he is eligible to receive long-term disability benefits.

Smith asserts he became disabled in August 2015. He further asserts that he did not begin receiving Social Security Retirement benefits until December 2015. Thus, by the

3

policy's plain language, Aetna must deduct the retirement benefits from the disability payments due Smith under the policy.

Moreover, even if there were any ambiguity in the policy on this issue, the Court would have to uphold Aetna's interpretation of the policy unless it was "arbitrary and capricious." This is because the plan provides that the claims administrator and plan administrator "have absolute authority and sole discretion to interpret and apply plan provisions and determine facts, benefits, and eligibility." (DE 11-4, Plan Summary at 15.) *See Hampton v. Dana Corp.*, 152 F. App'x 441, 443 (6th Cir. 2005) ("Where an ERISA plan gives its administrator 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan,' the administrator's benefit determinations must not be disturbed unless they are arbitrary and capricious.") The plan administrator decided that Smith's Social Security retirement benefits must be deducted from his disability payments because the retirement benefits began after the date he became disabled. At the very least, this decision was not arbitrary and capricious because it is at least a rational interpretation of the plan's provisions. *Id.*

Accordingly, any claim for benefits due under the plan pursuant to 29 U.S.C. § 1132(a)(1)(B) must be dismissed.

As to Smith's claim under RICO, Smith must assert that Aetna committed an "illegal predict act." *Walters v. First Tennessee Bank, N.A. Memphis*, 855 F.2d 267, 272 (6th Cir. 1988). Smith appears to assert that Aetna committed the illegal predicate act of mail fraud. Smith asserts that Aetna mailed him and other similarly situated insureds a letter stating that the long-term disability plan required that their Social Security retirement income be deducted from their long-term disability benefits. (DE 1, Complaint, ¶¶ 38-40.) Mail fraud has two elements: a scheme or artifice to defraud and a mailing to execute the scheme. *Id.*

The scheme to defraud must involve a misrepresentation or omission reasonably calculated to deceive. *Id*. As discussed, the plan administrator's decision was based on the plan's plain language and, at the very least, was a rational interpretation of the plan's provisions. Accordingly, Smith has not alleged any misrepresentation by Aetna. For this reason, his RICO claim must also be dismissed.

For all these reasons, the Court hereby ORDERS as follows:

1) Aetna's motion to dismiss (DE 10) is GRANTED;

2) this matter is DISMISSED and STRICKEN from the Court's active docket; and

3) Smith's pending motions for partial summary judgment (DE 18) and for class certification (DE 22) are DENIED as moot.

This 16th day of November, 2021.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY